# SUPREME COURT.

## James Pepper agt. Loren Goulding.

Rule 24 reads as follows: "When either party desires a review of a trial before a referee or referees, in a case where the whole issue has been reported upon, he shall prepare a case, and the respective parties shall pursue the practice, with respect to making and settling of the same, prescribed by rule 15, as far as the same is applicable. *Such case shall be heard only on appeal at a general term.* When the report is not upon the whole issue, it may be reviewed on special motion at a special term.

On filing a report of referees, where a report is made on the whole issue, judgment may be entered, *as a matter of course.*"

Code, § 272, reads as follows: "The report of the referees upon the whole issue shall stand as the decision of the court, and judgment may be entered thereon in the same manner as if the action had been tried by the court; and their decision may be excepted to and reviewed IN LIKE MANNER, *or a rehearing may be granted by the court in which the judgment is entered.*"

Section 268 reads as follows: "Either party may except to a decision on a matter of law arising upon such trial, within ten days after notice of the judgment, in the same manner and with the same effect, as upon a trial by jury. And either party desiring a review upon the evidence appearing on the trial, *either of the questions of fact or of law,* may, at any time within ten days after notice of the judgment, make a case containing so much of the evidence as may be material to the question to be raised. The case shall be settled according to the existing practice." (*This section is in relation to trial by the court.*)

Section 278 reads as follows: "Judgment upon an issue of *law or of fact,* or upon confession, or upon failure to answer, (except where the clerk is authorized to enter the same by the first subdivision of section 246 and by section 384,) shall, in the first instance, be entered upon the direction of a single judge, *or report of referees, subject to review at the general term,* on demand of either party, *as herein provided.*"

Section 348 reads as follows: "In the Supreme Court, the Superior Court of the city of New York, and the Court of Common Pleas for the city and county of New York, an appeal *upon the law,* may be taken to the general term, for a judgment entered *upon the direction of a single judge* of the same court. Security must be given upon such appeal, in the same manner as upon an appeal to the Court of Appeals. In the Supreme Court the appeal shall be heard in the same manner as if it were an appeal from an inferior court."

The question is, whether, upon a judgment entered upon a report of referees upon the whole issue, involving questions of *fact alone,* a party is *entitled* (under the latter clause of section 272,) to have a motion for a new trial upon the merits heard and decided *at a special term,* or entitled to *a rehearing* at special term, (notwithstanding the 24th rule.) And, whether there is any other remedy for review in such cases; as by § 348, *appeals* are confined to questions of *law* only.

*Held,* that a hearing at special term is not necessary to authorize the granting of a new trial for errors of fact in a report of referees. Such errors may be reviewed and corrected on appeal. An appeal from such a judgment is not within the provisions of sections 348 and 349, which authorize no appeal except from a judgment or an order entered *upon the direction of a single judge.* A judgment upon report of referees is not so entered. It is entered as a matter of course. The distinction is clearly taken in section 278.

*Appeals* from judgments entered on the report of referees are given by sections 262 and 263 in connection with section 278 (copied above and italicised to meet the points raised in the case.)

The latter clause of § 272, commented upon as obscure and ambiguous.

*Oneida Special Term, Dec.* 1849.—The plaintiff obtained a report of referees in his favor, and thereupon entered judgment for the amount reported due, with costs; and an appeal was brought and perfected upon that judgment. A motion was made by the defendant for a *rehearing* on the judgment record (in which a case setting out the evidence taken by the referees was incorporated,) upon the ground that the questions arising on the case involved no point of law, but were questions of fact exclusively.

W. J. BACON, *for the defendant.*

H. A. FOSTER, *for the plaintiff.*

GRIDLEY, Justice.—The question is, whether the defendant is entitled to have a motion for a new trial founded upon a case involving questions of fact alone, heard and decided at a special term. The twenty-fourth rule of the court is decisive of this question. It provides that such a case "shall only be heard on appeal at a general term."

The defendant, however, insists that he has a right to such a rehearing by the last clause of the 272d section of the code; and that the court have no power, by a general rule, to deprive him of a right conferred by the statute. He argues that by virtue of the 384th section of the code, appeals are confined to questions of law only; and that unless he can have a rehearing otherwise than on an appeal, he is of necessity deprived of all remedy in a case where he can show a clear mistake of fact on the part of the referees.

It is undoubtedly true, that if the right to a review of the report of referees at a special term be given by the statute, no rule of court can take it away. But I do not think that a hearing at special term is necessary to authorize the granting of a new trial for an error of fact.

1st. I am of opinion that errors of fact in a report of referees may be reviewed and corrected on appeal. An appeal from a judgment entered on the report of referees, is not within the provisions of chapters 3 and 4, of the 11th title of the Code. Sections 348 and 349 authorize no appeal except from a "*judgment*" or "an *order*" "entered *upon the direction of a single judge.*" A judgment upon the report of referees is not so entered. It is entered, of course, and without any order of a judge. The distinction is clearly taken in the 278th section of the code. That section provides that judgment upon an issue of law or of fact, &c. shall in the first instance be entered upon the direction of a single judge, or

"reports of referees, subject to review at the general term, &c." Justice HAND, in *Van Valkenburg* v. *Allendorf*, 4 Howard 39, reconsidered his decision in *Deming* v. *Post*, (Code Rep. 121,) and held that judgment should be entered on a report of referees, without any direction of a judge; so, too, the last clause of rule 24 provides that "on filing a report of referees, made on the whole issue, judgment may be entered as a matter of course." The appeal from a judgment entered on the report of referees is given by other sections. By the 272d section, it is provided that the report of referees on the whole issue shall stand as the decision of the court, that judgment may be entered thereon in the same manner as if the action had been tried by the court; and their decision may be excepted to and reviewed in *like manner*. How, then, is the judgment, in a cause tried by the court, reviewed? Being entered on the direction of a single judge (§ 278,) it is reviewed by appeal. But, although it is reviewed in "*like manner*," it by no means follows that questions of fact cannot be reviewed. The phrase, "in *like manner*," merely means, in this connection, *by appeal*. Again, the very provision in section 268, to which reference is made, and to which the practice of reviewing the decision of referees is assimilated, expressly contemplates a "review upon the evidence appearing on the trial either of the questions of fact or of law." If I am right in the foregoing conclusions, an appeal in the case of a referee's report, not being within the cases provided for in section 348, is not within its limitation to questions of law. An appeal from a judgment, in a cause tried by the court, however, is within the cases provided for in section 348. But it is not necessary to decide here, whether the limitation to questions of law, contained in that section, must not be taken, with the exception of cases where the trial was by the court, and where the right of review, both of questions of law and fact, was given by the express words of the act, in the 268th section. But,

2d. If such exception be not within the fair construction of sections 348 and 268, construed together, *then* there must be a power in the court to review judgments entered on a report of referees, and on a trial by the court without an appeal. For if this be not so, then a most important right, given by the express words of the act, is abolished; and the enactment itself, giving the right of reviewing questions of fact in cases of this description, has become a dead letter. Such review must, however, be at the *general term*. It must also be as provided by the code. The words in section 278, as "*herein provided*," must be taken as equivalent to the phrase "as *provided in this act*." And I am aware of no provisions for reviewing judgments at the general term except by appeal. But, as already intimated, it is not necessary to decide that question now.

3d. It is not to be denied that the last phrase of section 272, is obscure and ambiguous. If the framers of this provision had any clear ideas of the practice they were establishing, they have failed to make their views intelligible. When the Legislature say that a re-hearing may be granted by the court in which the judgment was entered, they do not say that it may be granted at special term. The judgment is entered in the Supreme Court; and, inasmuch as the judgment on the report of referees is not entered by the direction of a single judge, there is no reason for holding that the re-hearing is to be granted by the Supreme Court at a special term. It may be that this clause was not intended to apply to a motion for a new trial on the merits. If the referees should have made a clear mistake (for instance, in adding up a column of figures,) and should make an affidavit of the fact, a re-hearing might be granted upon a non-enumerated motion on the ground of accident or surprise. This provision may be intended for such a case; or it may be intended for the County Court. That court has jurisdiction of some special cases, such as mortgage foreclosures. In such, a set-off might be set up, and a reference of the whole issue to a referee. In such case the judgment would be entered in the County Court, and a re-hearing might be granted by the County Court, being the same court in which judgment was entered. The provision *may* apply to such a case.

4th. In this case, it appears that the defendant has appealed; and thus made his election of remedies. And granting that he *had* an alternative remedy, he is not entitled to both.

The motion must be denied with $10 costs.